IN THE COURT OF APPEALS

STATE OF TENNESSEE                    )    KNOX JUVENILE
DEPARTMENT OF HUMAN SERVICES,         )    C. A. NO. 03A01-9609-JV-00286
                                      )
          Plaintiff-Appellee          )
                                      )
                                      )
                                      )
                                      )
                                      )
vs.                                   )    HON. CAREY E. GARETT
                                      )    JUDGE
                                      )
                                      )
                                      )
                                      )
                                      )
JOE ERIC TAYLOR, SR.,                 )    REVERSED AND REMANDED
                                      )
          Defendant-Appellant         )


SHARON F. PATTERSON, Knoxville, for Appellant.


CHARLES W. BURSON, Attorney General and Reporter, and WILLIAM ASHBY SMITH, Assistant Attorney General, for appellee.


O P I N I O N

McMurray, J.

This is an appeal from a judgment of the juvenile court of Knox County wherein the court terminated the parental rights of the

appellant (defendant). For reasons hereinafter stated, we reverse the judgment of the trial court.

The defendant is the natural father of Raymond Anthony Taylor and Joe Eric Taylor, Jr., both minors. The natural mother surrendered her parental rights prior to the hearing terminating the defendant's rights. The record reflects that the children had been placed in a foster home and had been with their present foster parents some fifteen months.

The State of Tennessee through the Department of Human Services filed a petition to terminate the defendant's parental rights. The defendant filed a response to the petition pro se. The case proceeded to trial with the defendant not having the benefit of counsel and again acted pro se. At the conclusion of the trial the court found that the defendant's parental rights should be terminated and entered a judgment accordingly.

Defendant challenges the propriety of the trial court's action in proceeding to trial without first advising the defendant of his right to counsel and explaining his rights to him as required by the Tennessee Rules of Juvenile Procedure. Defendant also complains of the admission of certain evidentiary matters.

2

We will address the issue relating to the court's failure to advise the defendant of his right to counsel and the failure of the court to appoint counsel. From a constitutional viewpoint the United States Supreme Court has determined that parents have a fundamental right to the care, custody and control of their children. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) It has likewise been established in this jurisdiction that our constitution (Article I, Section 8) recognizes a fundamental right of a parent to the care, custody and control of their children. Hawk v. Hawk, 855 S.W.2d 573, 577 (Tenn. 1993). In Nale v. Robertson, 871 S.W.2d (Tenn. 1994) the court made the following observations:

> This Court found in Davis v. Davis, 842 S.W.2d 588, 600 (Tenn. 1992), that "there is a right of individual privacy guaranteed under and protected by the liberty clauses of the Tennessee Declaration of Rights." This constitutional right of privacy includes parental rights.
>
> In light of this right to privacy, we believe that when no substantial harm threatens a child's welfare, the state lacks a sufficiently compelling justification for the infringement on the fundamental right of parents to raise their children as they see fit.

The right to counsel has also been addressed both by the U. S. Supreme Court and our appellate courts. In Howson v. Howson, an unreported opinion of this court, 1993 Tenn. App. Lexis 457, the courted noted:

Under the U.S. Constitution, parents do not have an absolute right to counsel in such proceedings [termination of parental rights]. Mn, [State ex rel. T.H. by H.H. v. Mn, 802 S.W.2d 625 (Tenn. App. 1990)] at 626, citing Lassiter v. Department of Social Services of Durham City, 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981). The trial court must consider the interests of the State, the interests of the parents, and the risk that a failure to appoint counsel will lead to an erroneous result. The Mn court analyzed Lassiter in light of later Supreme Court decisions and summarized how to assess the risk of erroneous results on the merits as follows:

> "To help assess the risk of an unfair proceeding resulting in an erroneous decision, the courts in Lassiter and Davis have listed several factors that bear on the question. They include: (1) whether expert medical and/or psychiatric testimony is presented at the hearing; (2) whether the parents have had uncommon difficulty in dealing with life and life situations; (3) whether the parents are thrust into a distressing and disorienting situation at the hearing; (4) the difficulty and complexity of the issues and procedures; (5) the possibility of criminal self-incrimination; (6) the educational background of the parents; and (7) the permanency of potential deprivation of the child in question."

Our present Rules of Juvenile Procedure became effective July 1, 1984. Since these rules postdate Lassiter, it would appear that in order to insure that the conditions therein stated are properly considered, the Tennessee Supreme Court and the General Assembly, by the adoption of the Rules of Juvenile Procedure, provided minimum requirements which the trial court must follow when a parent appears at a termination hearing without an attorney.

4

Rule 39, Tennessee Rules of Juvenile Procedure, provides in pertinent part as follows:

**Rule 39. Termination of Parental Rights. . . .**

* * * *

(f) Adjudicatory Hearing on Termination.

(1) The court shall conduct an adjudicatory hearing to determine the issues raised by the petition and by any answer(s) filed. Notice of the hearing shall be provided in the summons.

(2) At the beginning of the hearing, <u>any party who appears without an attorney shall be informed of the right to an attorney, and in the case of an indigent respondent, the court shall consider the facts and circumstances alleged and make a determination as to whether an attorney should be appointed</u>. (Emphasis ours).

* * * *

Since it is well-settled that a parent has a fundamental right, (constitutionally guaranteed against the state when no substantial harm threatens a child's welfare), to the care, custody and control of their children, we consider the procedures of Rule 39(f)(2), regarding the right to have an attorney, appointed or otherwise, to be mandatory.

The transcript of the hearing reflects that the trial court failed to advise the defendant at the beginning of the hearing that he was entitled to an attorney and further failed to make a preliminary finding of indigency or non-indigency. The record does not demonstrate that the court considered the facts enumerated in

5

Lassiter or Davis to make a determination of whether this was a proper case for the appointment of an attorney. We find this to be reversible error.

The above issue is dispositive of the appeal, however, we will briefly discuss the issue relating to the admission of evidence. At the hearing, the attorney for the Department of Human Services introduced evidence by way of cross examination of conduct by the defendant, when he was 10 years old.[1] Rule 608(3)(c), Tennessee Rules of evidence provides as follows:

> (c) Juvenile Conduct. - Evidence of specific instances of conduct of a witness committed while the witness was a juvenile is generally not admissible under this rule. The court may, however, allow evidence of such conduct of a witness other than the accused in a criminal case if the conduct would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination in a civil action or criminal proceeding.

On remand, the court should examine the evidence of the defendant's juvenile conduct under the above rule. Stated otherwise, the court must determine if the evidence would be admissible to attack the credibility of an adult and make a further finding that admission of the evidence is necessary for a fair determination of the case.

---

[1]Although no objection was made to the evidence, the failure to do so may be the result of the lack of proper legal advice.

6

We reverse the judgment of the trial court. In so doing, we do not express any opinion on the merits of any issue before the court on remand.

This cause is remanded to the trial court for such other and further action as may be necessary to conclude this case. Costs of this appeal are assessed to the appellee.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge

7

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | KNOX JUVENILE |
| DEPARTMENT OF HUMAN SERVICES, | ) | C. A. NO. 03A01-9609-JV-00286 |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. CAREY E. GARETT |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| JOE ERIC TAYLOR, SR., | ) | REVERSED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |

## JUDGMENT

This appeal came on to be heard upon the record from the Juvenile Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was reversible error in the trial court.

We reverse the judgment of the trial court. This cause is remanded to the trial court for such other and further action as may be necessary to conclude this case. Costs of this appeal are assessed to the appellee.

PER CURI AM